Holland *v.* The State.

HOLLAND *v.* THE STATE.

CRIMINAL LAW AND PRACTICE.—Where the facts, which are neces-
sary to give the Court of Common Pleas jurisdiction to try a felony,
appear upon the information, it is not necessary that they should
also appear upon the order book or in the judgment of the Court.

APPEAL from the *Dubois* Common Pleas.

*Per Curiam.*—This was a prosecution for grand larceny.
The information alleges "that on the 19th of *March*, 1863,
at the county of *Dubois*, one *George W. Holland* did felo-
niously steal, &c., one iron gray horse, of the value of 75 dol-
lars, of the goods and chattels of *Wesley Nicholson*, contrary,
&c.; and that he, *George W. Holland*, is now in the custody
of the sheriff, and confined in the jail of said county upon
said charge of grand larceny, he not having been indicted by
a grand jury for said crime.

Plea, not guilty; verdict against the defendant, upon which
the Court rendered judgment.

In this case there was no motion for a new trial or in arrest,
nor does the record contain a bill of exceptions, or any ex-
ception in any form, to the rulings of the lower Court.

There is, however, a point made in reference to the juris-
diction of the Common Pleas, which it is proper to notice.
The appellant says it is not enough that the information on
its face shows the defendant to have been in custody and not
indicted, but these facts should appear affirmatively on the
order book or in the judgment of the Court. We think dif-
ferently. If the facts which gave jurisdiction appear in the
information, it will be sufficient. Here they are sufficiently
alleged in the information, and the result is, the jurisdiction
of the Court must be sustained.

The judgment is affirmed, with costs.

*J. W. Burton*, for the appellant.

*Oscar B. Hord*, Attorney General, for the State.